# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv238

| | |
|---|---|
| TERRY LEE MCENTYRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| DUDLEY GREENE, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Defendant T.T. Atkinson's Motion to Dismiss [# 10]. Plaintiff, who is proceeding *pro se*, brought this action against a number of individuals pursuant to 42 U.S.C. § 1983. The claims stem, in part, from a felony arrest warrant issued by Defendant T.T. Atkinson, a Magistrate in McDowell County, North Carolina. Defendant Atkinson now moves to dismiss the claims asserted against him on a number of grounds. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 10].

### I.  Background[1]

Plaintiff runs a business selling carports. (Pl.'s Compl.)  Plaintiff sold Tom Blair a metal barn, but Blair eventually canceled the order and requested that

---

[1] Because the Complaint contains no individually numbered paragraphs, the Court has only cited to the Complaint generally.

-1-

Plaintiff return his deposit. (Id.) When Plaintiff refused to return Blair's deposit, Blair went to the McDowell County Sherriff's Department. (Id.) Subsequently, Defendant James Manis, a Detective with the McDowell County Sherriff's Department, came to Plaintiff's house and threatened to arrest Plaintiff on felony charges if he did not give Blair $1600. (Id.) Defendant Manis repeated these threats on several occasions. (Id.)

At some point, Defendant Atkinson issued a felony warrant for Plaintiff's arrest. (Id.) Plaintiff, however, contends that he did not commit a felony and no warrant should have been issued for his arrest. (Id.) Plaintiff was then arrested and appeared in court six times. (Id.) The charges were eventually dismissed. (Id.)

Meanwhile, an individual sold Plaintiff a bass boat for $2000.00. (Id.) Before the individual signed over the title to the boat, however, the individual returned to Plaintiff's house and stole the boat. (Id.) Plaintiff contends that the McDowell County Sherriff's Department knows who stole the boat and knows where the boat is located, but they will not do anything to assist Plaintiff. (Id.)

Plaintiff then brought this action asserting Section 1983 claims against Defendants. Defendant Atkinson moved to dismiss the claims asserted against him on a number of grounds, including failure to perfect service and failure to state a

claim. The Court then issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Motion to Dismiss and his right to respond to the motion. Plaintiff filed a brief response to the motion. The Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation

of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

Regardless of whether Plaintiff has perfected service of process on Defendant Atkinson, the claims asserted against him are subject to dismissal.

Defendant Atkinson is a Magistrate in McDowell County, North Carolina. It is well settled that state court magistrates are entitled to judicial immunity for actions that they take in their judicial capacity. See King v. Myer, 973 F.2d 354, 356 (4th Cir. 1992) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges."); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity."); Hedgepeth v. Wilkes, No. 3:12-cv-262-RJC, 2012 WL 2092853, at *4 (W.D.N.C. Jun. 11, 2012) (Conrad, J.); EL v. All American Bail Bonds, Inc., No. 1:13CV1119, 2014 WL 298773, at *3 (M.D.N.C. Jan. 28, 2014); Brunson v. N.C. Dep't of Soc. Servs., No. 5:09-CT-3063-FL, 2010 WL 3239030, at *3 (E.D.N.C. Aug. 13, 2010). "Judicial immunity applies to judicial action taken in error, done maliciously, or in excess of authority." Dlenko v. Stephens, 917 F. Supp. 2d 535, 549 (E.D.N.C. 2013). The only situations where a judicial officer can be subject to civil suit, is where the judicial officer acts in the clear absence of all jurisdiction or where the act complained of is not a judicial act. King, 973 F.2d at357; Pressly, 831 F.2d at 517; Dlenko, 917 F. Supp. 2d at 549-50.

As a threshold matter, the action at issue in this case – the issuance of an arrest warrant by a magistrate – was a judicial act. The issuance of an arrest

-5-

warrant is a function normally performed by judges, and Plaintiff dealt with Defendant Atkinson only in his capacity as a judicial officer.  See King, 973 F.2d at 357; Mack v. Fox, No. 1:07CV760, 2008 WL 4832995, at *5 (M.D.N.C. 2008); Hedgepeth, 2012 WL 2092853, at *4.  Moreover, the issuance of an arrest warrant is within the jurisdiction of a magistrate in North Carolina.  N.C. Gen. Stat. § 7A-273(3); see also Hedgepeth, 2012 WL 2092853, at *4; Brunson, 2010 WL 3239030, at *3; Mack, 2008 WL 4832995, at *5.  Because Defendant Atkinson was acting within his judicial capacity when he issued the arrest warrant for Plaintiff, he is subject to absolute judicial immunity.  Accordingly, the claims asserted against Defendant Atkinson fail as a matter of law and are subject to dismissal by the District Court.

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 10] and **DISMISS** the claims asserted against Defendant T.T. Atkinson.

Signed: March 14, 2014

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).