# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00238-MR-DLH

| | |
|---|---|
| TERRY LEE McENTYRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| DUDLEY GREENE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant T.T. Atkinson's Motion to Dismiss [Doc. 10]; the Magistrate Judge's Memorandum and Recommendation [Doc. 18] regarding the disposition of said motion; and the *pro se* Plaintiff's Response, which the Court construes as Objections to the Memorandum and Recommendation [Doc. 19].

## I.    PROCEDURAL BACKGROUND

On September 11, 2013, the Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against Defendants Dudley Greene, the McDowell County Sheriff ("Greene"); James Manis, a Detective with the McDowell County Sheriff's Department ("Manis"); and T.T. Atkinson, a

Magistrate in McDowell County ("Atkinson"), for claims arising, in part, from a felony arrest warrant issued by Defendant Atkinson. [Doc. 1]. Defendants Greene and Manis filed an Answer to the Plaintiff's Complaint on December 23, 2013. [Doc. 17].

Defendant Atkinson moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 10]. Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition. On March 14, 2014, the Magistrate Judge issued a Memorandum and Recommendation, which recommended that the Defendant's motion to dismiss be granted. [Doc. 18].

On March 31, 2014, the Plaintiff filed a pleading entitled "Denie Dismised [sic]" [Doc. 19], which the Court construes as Objections to the Memorandum and Recommendation.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1).  In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).  The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

### III.  DISCUSSION

The Plaintiff has filed what purports to be objections to the Magistrate Judge's Memorandum and Recommendation.  The Plaintiff's filing, however, does not identify any specific error in the Magistrate Judge's proposed conclusions of law.  Rather, the Plaintiff simply restates the allegations made in his Complaint and the arguments asserted in his Response to Defendant Atkinson's Motion to Dismiss. These kinds of objections do not warrant a *de novo* review of the Magistrate Judge's

reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that Defendant Atkinson's motion to dismiss be granted.

## IV. CONCLUSION

Having conducted a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation

[Doc. 19] are **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 18] is **ACCEPTED**.

IT IS FURTHER ORDERED that Defendant Atkinson's Motion to Dismiss [Doc. 10] is **GRANTED**, and the Plaintiff's claims against this Defendant are hereby **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that The Clerk of Court shall send the *pro se* Plaintiff a Notice of Availability of the Settlement Assistance Program. The Plaintiff shall have fourteen (14) days (the "Opt in Period") to decide whether to participate in the Pro Se Settlement Assistance Program and return the completed Notice form to the Clerk of Court in Asheville. The deadline for conducting an initial attorneys' conference is tolled during this Opt in Period.

**IT IS SO ORDERED.**  Signed: April 4, 2014

Martin Reidinger
United States District Judge