IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CV 238

| | |
|---|---|
| **TERRY LEE McENTYRE,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) **ORDER** |
| v | ) |
| | ) |
| **DUDLEY GREENE and JAMES A. MANIS,** | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** has come before the undersigned pursuant to a Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan (#28) filed by the Plaintiff in this matter. The parties were directed by the Clerk to conduct an initial attorney's conference on or before August 5, 2014 and to file a certificate of initial attorney's conference within seven days thereafter. LCvR 16.1 provides as follows:

**LCvR 16.1 PRETRIAL CONFERENCES**

**(A)** *Initial Attorney's Conference.* As soon as is practicable, and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (D) below), the parties or their counsel shall confer as provided by Fed.R.Civ.P. 26(f), and conduct an "Initial Attorney's Conference" ("IAC"). In addition, counsel shall also discuss at such conference consent to magistrate judge jurisdiction. See LCvR 73.1(C).

**(B)** *Deadline for Filing the Certification of Initial Attorney's Conference.* Within five (5) days of the IAC, the parties shall complete and file the Certification of Initial Attorney's Conference ("CIAC"), which shall include a proposed discovery plan. The CIAC shall serve as a guideline for the Court in issuing a Scheduling Order as provided by Fed.R.Civ.P. 16(b). If the parties choose to stipulate out of, or object to, the mandatory initial disclosure procedure required by Fed.R.Civ.P. 26(a)(1), they must so indicate in the discovery plan.

An examination of the Certification and Report (#28) filed in this matter leads the undersigned to believe that the initial attorney's conference has not, in fact, been completed. The document is not signed by counsel for the Defendants and the document refers to the fact that the initial pretrial conference was conducted on June 30, 2014 which was prior to the directive issued by the Clerk on July 22, 2014 that the initial attorney's conference be conducted. The certification further reflects that discovery is to be completed by September 4, 2014 which would give the parties less than one month to complete discovery in this case. As a result, the undersigned will decline to enter any relief requested in the certification and will enter an Order directing that the pro se Plaintiff and counsel for the Defendants conduct an initial pretrial conference as prescribed by LCvR 16.1(A) and within five (5) days of the initial attorney's conference, the parties complete and file a certification of initial attorney's conference which has been signed by the Plaintiff and counsel for the Defendants.

# ORDER

**IT IS, THEREFORE, ORDERED** that any relief sought by the Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan (#28) is **DENIED** without prejudice. The pro se Plaintiff and counsel for the Defendants are ordered and directed to conduct an initial attorney's conference on or before **August 21, 2014** and as required by LCvR 16.1(A). Within five (5) days of the initial attorney's conference, both the pro se Plaintiff and counsel for the Defendants are to file a certification of initial attorney's conference as provided by LCvR 16.1(B) which shall be signed by both the pro se Plaintiff and counsel for the Defendants.

Signed: August 7, 2014

Dennis L. Howell
United States Magistrate Judge