IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv238

| | |
|---|---|
| TERRY LEE MCENTYRE, ) ) Plaintiff, ) ) v. ) ) DUDLEY GREENE, et al,, ) ) Defendants. ) _____ | ORDER |

Pending before the Court are the parties' Motions for Summary Judgment [# 41 & # 48]. Plaintiff, who is proceeding *pro se*, brought this action against a number of individuals pursuant to 42 U.S.C. § 1983. The Court **GRANTS in part** the Motion for Summary Judgment [# 41] and **DENIES** the Motion for Summary Judgment [# 48].

**I.     Background**

On approximately June 4, 2012, Tracey Blair entered into a contract to purchase a carport from Plaintiff, a local dealer for TNT Carports, Inc. ("TNT Carports"). (Manis Aff. Ex. A, at pp. 5-6.) The next day Blair wrote Plaintiff a check for $1610.00 to cover the down payment for the carport. (Manis Aff. at ¶ 7; Manis Aff. Ex. A, at pp. 5-6, 8.)

On August 31, 2012, the McDowell County Sheriff's Office received a complaint from Blair. (Manis Aff. Ex. A, at pp. 3-5.) Blair complained that he had provided Plaintiff with the deposit for the carport, but that Plaintiff had not delivered the carport. (Id.) Defendant James Manis, a Detective with the McDowell County Sheriff's Office, investigated Blair's complaint. (Manis Aff. at ¶¶ 3-5.) Prior to his investigation, Detective Manis did not know Plaintiff or Blair. (Id. at ¶ 5.)

As part of his investigation, Detective Manis spoke with Plaintiff, Blair, and employees of TNT Carports. (Id. at ¶ 7; Manis Aff. Ex. A, at pp. 11-12, 14-15, 17, 19.) Detective Manis confirmed that Blair had provided Plaintiff a $1610.00 deposit on a carport, but that Plaintiff had not placed an order for a carport with TNT Carports. (Manis Aff. at ¶ 7.) TNT Carports had no knowledge of any such order. (Manis Aff. Ex. A, at p 35.) Detective Manis requested that Plaintiff return Blair's deposit. (Manis Aff. at ¶ 7.) Plaintiff, however, did not comply with Detective Manis's request. (Id.)

Based on his investigation into the matter, Detective Manis presented his findings to Magistrate Atkinson. (Id. at ¶ 8; Manis Aff. Ex. B, at p 1.) Magistrate Atkinson then issued a warrant for the arrest of Plaintiff for the offense of obtaining property by false pretense. (Manis Aff. Ex. B, at p 1.) On March 25,

2013, the grand jury indicted Plaintiff on the charge of obtaining property by false pretense in violation of N.C. Gen. Stat. § 14-100. (Manis Aff. at ¶ 9; Manis Aff. Ex. C. 1-2.) The McDowell County Superior Court dismissed the charge against Plaintiff on May 22, 2013, due to Plaintiff making restitution to the victim, that there was no evidence showing intent to defraud on the part of Plaintiff at the time he entered into the contract with Blair, and that the dispute was a civil one. (Manis Aff. Ex. D at p. 1.)

After the McDowell County Superior Court dismissed the charge against Plaintiff, Plaintiff brought this action pursuant to Section 1983 against Detective Manis, Magistrate Atkinson, and Sheriff Dudley Greene. (Pl.'s Compl. at pp. 1-2.) Plaintiff brought Section 1983 claims against Detective Manis for his role in Plaintiff's arrest. Plaintiff also appears to assert state law claims for malicious prosecution against Detective Manis. Plaintiff also asserted Section 1983 claims against Sheriff Greene for his role in overseeing the McDowell County Sheriff's Office. Finally, Plaintiff asserted claims against Magistrate Atkinson for issuing the arrest warrant.

The Court previously dismissed all the claims asserted against Magistrate Atkinson. (Order, Apr. 4, 2014.) Detective Manis and Sheriff Greene now move for summary judgment on the remaining claims. Because Plaintiff is proceeding

*pro se*, the Court advised Plaintiff of his obligation to respond to the Motion for Summary Judgment and his time for doing so. (Order, Apr. 9, 2015.) Plaintiff filed a brief response to the Motion for Summary Judgment. (#45). In addition, Plaintiff filed a Motion for Summary Judgment (#48) in which Plaintiff requests that this case proceed to trial on all of his claims. The parties' motions are now properly before this Court for resolution.

## II. Legal Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of some alleged factual dispute between the parties will not defeat a motion for summary. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003). Rather, there must be a genuine issue of material fact. Dash v. Mayweather, 731 .3d 303, 310-11(4th Cir. 2013). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248, 106 S. Ct. 2510. Finally, in deciding a motion for

summary judgment, the Court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). The Court, however, may consider the other materials in the record. Id.

III. Analysis

A. The Section 1983 Claims against Detective Manis

Plaintiff asserts Section 1983 claims against Detective Manis based on his arrest of Plaintiff (false arrest) and Plaintiff's subsequent prosecution for the offense of obtaining property by false pretense (malicious prosecution). Both claims, however, are properly asserted as claims based on an unreasonable seizure that violates the Fourth Amendment to the United States Constitution. See Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (malicious prosecution); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (false arrest); see also Gantt v. Whitaker, 57 F. App'x 141, 146 (4th Cir. 2003). Detective Manis moves for summary judgment on the ground that he is entitled to qualified immunity on the Section 1983 claims asserted against him in his individual capacity.

Qualified immunity shields government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727,

2738 (1982); Messerschmidt v. Millender, ___ U.S. ___, 132 S. Ct. 1235, 1244 (2012). "In determining whether a defendant is entitled to qualified immunity, a court must decide (1) whether the defendant has violated a constitutional right of the plaintiff and (2) whether that right was clearly established at the time of the alleged misconduct." Bland v. Roberts, 730 F.3d 368, 389 (4th Cir. 2013).

> 1. Detective Manis is entitled to qualified immunity on Plaintiff's Section 1983 false arrest claim

In order to establish an unreasonable seizure under the Fourth Amendment, a plaintiff must demonstrate that his or her arrest was without probable cause. Brown, 278 F.3d at 367. "Probable cause is determined from the totality of the circumstances known to the officer at the time of the arrest." Id. The Fourth Circuit has "consistently explained that probable cause has been shown 'when the facts and circumstances within an officer's knowledge—or of which he possesses reasonably trustworthy information—are sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed.'" McAfee v. Boczar, 738 F.3d 81, 87 (4th Cir. 2013) (quoting Wadkins v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000)). Although obtaining an arrest warrant from a neutral magistrate prior to an arrest is a strong factor in finding that an arrest was objectively reasonable, it is not an absolute shield from liability. See Messerschmidt, ___ U.S. ___, 132 S. Ct. at 1245; Merchant v. Bauer, 677 F.3d

656, 662-65 (4th Cir. 2012); McAfee, 738 F.3d at 86-87; see also Rogers v. Stem, 590 F. App'x 201, 208 (4th Cir. 2014); Swick v. Wilde, 529 F. App'x 353, 357 (4th Cir. 2013).

Detective Manis arrested Plaintiff pursuant to an arrest warrant issued by Magistrate Atkinson for the offense of obtaining property by false pretenses. N.C. Gen. Stat. § 14-100 makes it unlawful to knowingly obtain money from another person by means of false pretense. The elements of the crime of obtaining property by false pretenses are: (1) a false representation of a subsisting fact or a future fulfillment or event; (2) which is calculated and intended to deceive; (3) which does in fact deceive; and (4) by which one person obtains or attempts to obtain value from another person. N.C. Gen. Stat. § 14-100; State v. Cronin, 262 S.E.2d 277, 286 (N.C. 1980).

In considering the totality of the circumstances at the time of Plaintiff's arrest, the Court finds that Detective Manis had probable cause to arrest Plaintiff for the offense of obtaining property by false pretenses. During his investigation into the matter, Detective Manis learned that Blair provided Plaintiff $1610.00 as a down payment for the delivery of a carport from TNT Carports. Blair, however, never received the carport, and Plaintiff failed to return the down payment to Blair. In addition, Plaintiff made a number of representations to Detective Manis

regarding his sending the deposit to TNT Carports and Plaintiff's submission of Blair's order to TNT Carports that were disputed by TNT Carports. In fact, TNT Carports indicated that it had no knowledge or involvement in the transaction between Plaintiff and Blair.

Based on the facts known to Detective Manis at the time, it was objectively reasonable for Detective Manis to believe that Plaintiff had committed the offence of obtaining property by false pretense by (1) making a false representation to Blair that Plaintiff would deliver a TNT Carport carport in the future; (2) that Plaintiff made this representation with the intent to deceive Blair into giving Plaintiff $1610.00; (3) that Blair was deceived by this representation; and (4) Plaintiff obtained $1610.00 from Blair. Moreover, the fact that a neutral magistrate issued an arrest warrant for Plaintiff's arrest is further evidence that Detective Manis acted in an objectively reasonable manner. See Messerschmidt, ___ U.S. ___, 132 S. Ct. at 1245. Finally, the record is devoid of any evidence that Detective Manis made false statements to the magistrate or that the arrest warrant was so lacking in evidentiary support of probable cause as to render reliance on the warrant a violation of Plaintiff's Fourth Amendment right to be free of unreasonable seizures. Because Detective Manis had probable cause to arrest Plaintiff, Plaintiff's arrest did not violate the Fourth Amendment, and Detective Manis is

entitled to qualified immunity Plaintiff's Section 1983 false arrest claim.

### 2. Detective Manis is entitled to qualified immunity on Plaintiff's Section 1983 malicious prosecution claim

Plaintiff's Section 1983 malicious prosecution claim is properly construed as a claim under the Fourth Amendment for an unreasonable seizure that also incorporates certain elements of the common law tort for malicious prosecution. Evans, 703 F.3d at 647. "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Id. Ordinarily, the subsequent acts of independent decision-makers such as prosecutors break the causal chain between an officer's conduct and a plaintiff's seizure. Id. "Stated differently, a police officer is not liable for a plaintiff's unlawful seizure following indictment in the absence of evidence that the officer misled or pressured the prosecution." Id. at 648 (internal quotation and citation omitted).

Here, the Grand Jury returned an Indictment for obtaining property by false pretenses. The subsequent actions of the grand jury and the prosecutor served to break the casual chain of Plaintiff's Section 1983 claim. There is no evidence that Detective Manis misled or lied to the prosecutor or the Grand Jury. Accordingly, the Court finds that Detective Manis did not violate the Fourth Amendment, and he

is entitled to qualified immunity as to the Section 1983 malicious prosecution claims. The Court **GRANTS** the Defendants' Motion for Summary Judgment [# 41] and **DENIES** the Plaintiff's Motion for Summary Judgment [# 48] as to the Section 1983 claims asserted against Defendant Manis.

### B. The Section 1983 Claims against Sheriff Greene

As a threshold matter, the Complaint is devoid of any factual allegations that Sheriff Greene personally took any action against Plaintiff, and Plaintiff has not presented the Court with any evidence that Sheriff Greene personally took any actions related to his arrest and prosecution. Rather, Plaintiff appears to assert an official capacity claim against Sheriff Greene.

For purposes of Section 1983, an official capacity suit is treated as one against the municipality. Santos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 469 (4th Cir. 2013.) Municipal liability under Section 1983 cannot be based on respondeat superior. Id. at 469-70. Instead, a municipality is subject to Section 1983 liability only where the alleged unconstitutional act stems from an established municipal policy, practice, or custom. Monell v. Dep't of Soc. Servs of City of New York, 436 U.S.658, 690, 98 S. Ct. 2018, 2035-36 (1978); Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 402 (4th Cir. 2014); Santos, 725 F.3d at 470. "Only if a municipality subscribes to a custom, policy, or practice can it

be said to have committed an independent act, the sine qua non of Monell liability." Owens, 767 F.3d at 402.

Plaintiff has not come forward with any evidence supporting his Section 1983 claim against Sheriff Greene. Plaintiff has failed to come forward with any facts suggesting the existence of an official policy, custom, or practice. As a result, Defendant Greene is entitled to summary judgment on the claims asserted against him. The Court **GRANTS** the Defendants' Motion for Summary Judgment [# 41] and **DENIES** the Plaintiff's Motion for Summary Judgment [# 48] as to the Section 1983 claims asserted against Defendant Greene.

### C. The State Law Claims

Having dismissed the federal claims forming the basis for the Court's exercise of jurisdiction over this dispute, the Court declines to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(a)(3); Tripp v. Charlie Falk's Auto Wholesale Inc., 290 F. App'x 622, 632 (4th Cir. 2008). "The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain or dismiss state law claims when the federal basis for an action drops away." Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). The remaining state law claims are best left to the resolution of the state courts. Accordingly the Court **DISMISSES without prejudice** the state law

claims.

## IV. Conclusion

The Court **GRANTS in part** the Defendants' Motion for Summary Judgment [# 41] and **DENIES** the Plaintiff's Motion for Summary Judgment [# 48]. The Court **GRANTS** the Motion for Summary Judgment [# 41] as to all federal claims. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and **DISMISSES without prejudice** the state law claims. The Court **DIRECTS** the Clerk to **CLOSE** this case.

Signed: September 1, 2015

Dennis L. Howell
United States Magistrate Judge